FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 17 2023

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 22-1906 MLG |
| ) | |
| vs. ) | Count 1: 8 U.S.C. § 1324(a)(1)(A)(v)(I): Conspiracy to Transport and Harbor Aliens; |
| ) | |
| **MARCELO ALONSO-ALMARAZ**, a.k.a. ) | |
| **Roberto Martinez Gabriel**, ) | |
| **ELOISA ALMARAZ-VASQUEZ**, ) | Counts 2-9: 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II): Harboring Illegal Aliens; Aiding and Abetting; |
| **JOSE DAVILA-CASTILLO**, ) | |
| **GUADALUPE DAVILA-RAMIREZ**, and ) | |
| **JOSE GALAVIZ**, ) | |
| ) | |
| Defendants. ) | Counts 10-12: 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(B)(i): Transporting Illegal Aliens; 8 U.S.C. § (a)(1)(A)(v)(II): Aiding and Abetting; |
| ) | |
| ) | Count 13: 18 U.S.C. § 1203: Conspiracy; |
| ) | |
| ) | Counts 14-16: 18 U.S.C. § 1203(a): Hostage Taking; 18 U.S.C. § 2: Aiding and Abetting; |
| ) | |
| ) | Count 17: 18 U.S.C. §§ 922(g)(5)(A) and 924: Alien in Possession of a Firearm and Ammunition; |
| ) | |
| ) | Count 18: 8 U.S.C. §§ 1326(a) and (b): Reentry of a Removed Alien; |
| ) | |
| ) | Count 19: 18 U.S.C § 1201(c): Conspiracy to Commit Kidnapping; |
| ) | |
| ) | Counts 20-22: 18 U.S.C § 1201(a)(1): Kidnapping; 18 U.S.C. § 2: Aiding and Abetting; |
| ) | |
| ) | Count 23: 18 U.S.C § 1956(h): Conspiracy to Commit Money Laundering. |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### Count 1

From on or about October 18, 2022, and continuing to on or about November 4, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ, ELOISA ALMARAZ-VASQUEZ, JOSE DAVILA-CASTILLO, GUADALUPE DAVILA-RAMIREZ,** and **JOSE GALAVIZ,** combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 8 U.S.C. §§ 1324(a)(1)(A)(ii), (iii) and (a)(1)(B)(i), specifically, transporting and harboring illegal aliens.

In violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

### Count 2

From on or about October 30, 2022, and continuing to on or about November 3, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ, ELOISA ALMARAZ-VASQUEZ, JOSE DAVILA-CASTILLO, GUADALUPE DAVILA-RAMIREZ,** and **JOSE GALAVIZ,** knowing and in reckless disregard of the fact that Jane Doe 1, an alien, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in any place, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

### Count 3

From on or about October 30, 2022, and continuing to on or about November 3, 2022, in

Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ, ELOISA ALMARAZ-VASQUEZ, JOSE DAVILA-CASTILLO, GUADALUPE DAVILA-RAMIREZ,** and **JOSE GALAVIZ,** knowing and in reckless disregard of the fact that Jane Doe 2, an alien, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in any place, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

Count 4

From on or about October 30, 2022, and continuing to on or about November 3, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ, ELOISA ALMARAZ-VASQUEZ, JOSE DAVILA-CASTILLO, GUADALUPE DAVILA-RAMIREZ,** and **JOSE GALAVIZ,** knowing and in reckless disregard of the fact that Jane Doe 3, an alien, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in any place, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

Count 5

From on or about October 30, 2022, and continuing to on or about November 4, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ, ELOISA ALMARAZ-VASQUEZ,** and **JOSE GALAVIZ,** knowing and in reckless disregard of the fact that Jane Doe 4, an alien, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in any place, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

Count 6

From on or about October 30, 2022, and continuing to on or about November 4, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ, ELOISA ALMARAZ-VASQUEZ,** and **JOSE GALAVIZ,** knowing and in reckless disregard of the fact that Jane Doe 5, an alien, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in any place, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

Count 7

From on or about October 30, 2022, and continuing to on or about November 4, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ, ELOISA ALMARAZ-VASQUEZ,** and **JOSE GALAVIZ,** knowing and in reckless disregard of the fact that John Doe, an alien, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in any place, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

Count 8

From on or about October 30, 2022, and continuing to on or about November 4, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** knowing and in reckless disregard of the fact that Jane Doe 6, an alien, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in any place,

for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

Count 9

From on or about October 30, 2022, and continuing to on or about November 4, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** knowing and in reckless disregard of the fact that Jane Doe 7, an alien, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in any place, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

Count 10

On or about November 3, 2022, in Bernalillo County, in the District of New Mexico, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** knowing and in reckless disregard of the fact that Jane Doe 1, an alien, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

Count 11

On or about November 3, 2022, in Bernalillo County, in the District of New Mexico, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** knowing and in reckless disregard of the fact that Jane Doe 2, an alien, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the

United States by means of transportation and otherwise in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

## Count 12

On or about November 3, 2022, in Bernalillo County, in the District of New Mexico, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ**, knowing and in reckless disregard of the fact that Jane Doe 3, an alien, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

In violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and (a)(1)(A)(v)(II).

## Count 13

From on or about October 30, 2022, and continuing to on or about November 3, 2022, in Bernalillo County, in the District of New Mexico, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 18 U.S.C. § 1203(a), that is hostage taking.

In violation of 18 U.S.C. § 1203.

## Count 14

From on or about October 30, 2022, and continuing to on or about November 3, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ**, did intentionally seize and

detain and threaten to kill, injure, and continue to detain Jane Doe 1 in order to compel a third person to do any act, specifically, to pay a sum of United States currency as an explicit and implicit condition for the release of the person detained.

In violation of 18 U.S.C. §§ 1203(a) and 2.

## Count 15

From on or about October 30, 2022, and continuing to on or about November 3, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** did intentionally seize and detain and threaten to kill, injure, and continue to detain Jane Doe 2 in order to compel a third person to do any act, specifically, to pay a sum of United States currency as an explicit and implicit condition for the release of the person detained.

In violation of 18 U.S.C. §§ 1203(a) and 2.

## Count 16

From on or about October 30, 2022, and continuing to on or about November 3, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** did intentionally seize and detain and threaten to kill, injure, and continue to detain Jane Doe 3 in order to compel a third person to do any act, specifically, to pay a sum of United States currency as an explicit and implicit condition for the release of the person detained.

In violation of 18 U.S.C. §§ 1203(a) and 2.

## Count 17

On or about November 3, 2022, in Bernalillo County, in the District of New Mexico, the defendant, **MARCELO ALONSO-ALMARAZ**, knowing that he was an alien who was

illegally and unlawfully in the United States, knowingly possessed a firearm and ammunition in and affecting commerce.

In violation of 18 U.S.C. §§ 922(g)(5)(A) and 924.

Count 18

On or about November 3, 2022, the defendant, **MARCELO ALONSO-ALMARAZ**, an alien, knowingly entered, attempted to enter, and was found in the United States, in Bernalillo County, in the District of New Mexico, contrary to law in that the defendant had been previously deported, excluded, and removed and departed the United States on or about September 19, 2012, while an Order of Exclusion, Deportation and Removal was outstanding, and the defendant had not obtained the express consent of the Secretary for Homeland Security to reapply for admission into the United States.

In violation of 8 U.S.C. §§ 1326(a) and (b).

Count 19

From on or before October 30, 2022, and continuing to on or about November 3, 2022, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 18 U.S.C. § 1201(a)(1), specifically, kidnapping.

*Overt Acts*

In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the District of New Mexico, and elsewhere:

    a.    On or about October 29, 2022 and continuing until November 3, 2022,

**MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ** confined Jane Does 1, 2, and 3 at a residence located at 541 Palomas Drive in Albuquerque, New Mexico.

b. On or about November 2, 2022, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ** contacted a family member of Jane Does 1, 2, and 3, and demanded $6,000 to release Jane Does 1, 2, and 3.

c. On or about November 3, 2022, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ** drove Jane Does 1, 2, and 3 to an agreed-upon location in Bernalillo County, New Mexico and released them after accepting $6,000.

In violation of 18 U.S.C. § 1201(c).

## Count 20

Beginning on or about October 30, 2022 and continuing until on or about November 3, 2022, in Bernalillo County, in the District of New Mexico, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** did unlawfully and willfully seize, confine, kidnap, abduct, carry away, and hold Jane Doe 1 for ransom, and, in committing and in furtherance of the commission of the offense, used a cellular telephone, a means, facility, and instrumentality of interstate commerce.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2.

## Count 21

Beginning on or about October 30, 2022 and continuing until on or about November 3, 2022, in Bernalillo County, in the District of New Mexico, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** did unlawfully and willfully

seize, confine, kidnap, abduct, carry away, and hold Jane Doe 2 for ransom, and, in committing and in furtherance of the commission of the offense, used a cellular telephone, a means, facility, and instrumentality of interstate commerce.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2.

## Count 22

Beginning on or about October 30, 2022 and continuing until on or about November 3, 2022, in Bernalillo County, in the District of New Mexico, the defendants, **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** did unlawfully and willfully seize, confine, kidnap, abduct, carry away, and hold Jane Doe 3 for ransom, and, in committing and in furtherance of the commission of the offense, used a cellular telephone, a means, facility, and instrumentality of interstate commerce.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2.

## Count 23

Counts 1 through 4 are incorporated in this part of the indictment as if fully re-alleged herein.

Beginning not later than October 18, 2022, and continuing until on or at least October 2, 2023, in Bernalillo County, in the District of New Mexico and elsewhere, the defendants, **JOSE DAVILA-CASTILLO** and **GUADALUPE DAVILA-RAMIREZ,** unlawfully, knowingly and intentionally combined, conspired, confederated, agreed and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit offenses defined in 18 U.S.C. § 1956, that is, to knowingly conduct financial transactions in and affecting interstate commerce involving proceeds from the harboring of illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i) and

(a)(1)(A)(v)(II), and conspiracy to commit harboring and transporting aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), knowing that the property involved in the transactions represented the proceeds of a specified unlawful activity and that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of those proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

In violation of 18 U.S.C. § 1956(h).

### FORFEITURE ALLEGATION 1

Upon conviction of any offense in violation of 8 U.S.C. § 1324, the defendants, **MARCELO ALONSO-ALMARAZ, ELOISA ALMARAZ-VASQUEZ, JOSE DAVILA-CASTILLO, GUADALUPE DAVILA-RAMIREZ,** and **JOSE GALAVIZ,** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6)(A), 8 U.S.C. § 1324(b)(1), and 28 U.S.C. § 2461, any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense, and any property, real or personal, that constitutes or is derived from proceeds obtained directly or indirectly from the commission of the offense or that was used to facilitate, or was intended to be used to facilitate, the commission of the offense.

### FORFEITURE ALLEGATION 2

Upon conviction of any offense in violation of 18 U.S.C. §§ 1201 and 1203, the defendants **MARCELO ALONSO-ALMARAZ** and **ELOISA ALMARAZ-VASQUEZ,** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### FORFEITURE ALLEGATION 3

Upon conviction of any offense in violation of 18 U.S.C. § 922(g), the defendant, **MARCELO ALONSO-ALMARAZ,** shall forfeit to the United States, pursuant to 18 U.S.C. §

924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense(s), including, but not limited to:

  a. a Smith and Wesson .40 caliber handgun, serial number PDD1009, and

  b. approximately eleven rounds of ammunition seized.

## FORFEITURE ALLEGATION 4

Count 23 of this indictment is realleged and incorporated as part of this section for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1).

Upon conviction of any offense in violation of 18 U.S.C. § 1956, the defendants, **JOSE DAVILA-CASTILLO and GUADALUPE DAVILA-RAMIREZ,** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

  *Money Judgment*—a sum of money representing property involved in the offense(s) set forth in the Count(s) of conviction and any property traceable to such property.

If any of the property described above, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/s/
_____
FOREPERSON OF THE GRAND JURY

_Taylor Hoot_
_____
Assistant United States Attorney